# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**CORNELIUS CURTIS**,

   Plaintiff,

  v.

**NANCY A. BERRYHILL**,
Commissioner of Social Security,

   Defendant.

Case No. 3:16-cv-1952-PK

**ORDER**

**Michael H. Simon, District Judge.**

  United States Magistrate Judge Paul Papak issued Findings and Recommendation in this case on February 5, 2018. ECF 29. Judge Papak recommended that the Commissioner's decision finding Plaintiff not to be disabled be affirmed.

  Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection to the Findings and Recommendation. Plaintiff also submitted new evidence with his objection, arguing that this new evidence is material and requires a remand under sentence six of the Social Security Act. The district court has discretion whether to consider new evidence submitted with objections to a Findings and Recommendation. *See* 28 U.S.C. § 636(b)(1) (permitting a court to "receive further evidence" at its discretion); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (discussing the Circuit split on whether a district court must or may consider new evidence when reviewing *de novo* a magistrate judge's findings and recommendation, and concluding that a district "has discretion, but is not required" to consider new evidence). Additionally, for purposes of the Social Security Act, to determine whether to remand a case in light of new evidence, the Ninth Circuit instructs courts to examine "whether the new evidence is material to a disability determination and whether a claimant has shown good cause for having failed to present the new evidence to the

ALJ earlier." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). Evidence is material if it "bear[s] directly and substantially on the matter in dispute." *Id.* (quoting *Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir. 1982)). The claimant "must additionally demonstrate that there is a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *Id.* A claimant can demonstrate good cause for failing to present evidence to the ALJ earlier if the "evidence could not have been presented at the time of the administrative hearing." *Embrey v. Bowen*, 849 F.2d 418, 424 (9th Cir. 1988).

The evidence Plaintiff provides relates to his military service. The ALJ discounted some of the medical doctors' opinions because the ALJ found that those opinions relied on Plaintiff's self-report that he served 25 years as a Green Beret and served in combat. The ALJ noted that the VA had determined in 2009 that Plaintiff's military record did not support that he served in combat or that he served in the Special Forces. Plaintiff argues that the additional evidence shows that he did serve in combat and in the Special Forces. The Court disagrees.

The new evidence shows that in 2014 the VA changed its 2009 conclusion that Plaintiff had not been exposed to *any* potential post-traumatic stress disorder ("PTSD") stressor. In the 2014 report, the VA noted that Plaintiff self-reported that on one occasion "a SCUD missile landed near [Plaintiff's] military base in Saudi Arabia." ECF 32 at 16. This self-reported incident qualified as a PTSD stressor. Thus, the VA examiner, while not making a diagnosis of PTSD, diagnosed Plaintiff with "other specified trauma disorder" and the VA increased Plaintiff's disability caused by his psychiatric disorders from 10 percent to 30 percent. *Id.* at 17. This evidence does not contradict the VA's earlier conclusion that Plaintiff's military record did not show that he served in combat and did not serve as a Green Beret or in the Special Forces, including during his service in Saudi Arabia. In 2009, the VA had noted that at one point

Plaintiff served as a clerk typist assigned to a Green Beret unit. Although Plaintiff may consider being a typist assigned to a Green Beret unit as serving in the Special Forces, it was not considered a combat position by the VA or considered serving in the Special Forces.

The other evidence provided by Plaintiff demonstrates his length of service and that he received certain ribbons, medals, and awards. This evidence also does not show that he was involved in combat operations or served in the Special Forces. At most, it shows that Plaintiff was a novice paratrooper (he received a novice paratrooper medal), and that he had three weeks of basic airborne training. Moreover, this evidence is not material because the issue is not whether Plaintiff had some experience as a paratrooper. Even if Plaintiff was required to train and exercise as a paratrooper in order to serve as a clerk typist assigned to a Green Beret unit for the time he served in that position, that evidence is not necessarily material. Plaintiff's doctors did not rely on the fact that Plaintiff had some experience as a paratrooper. The ALJ was concerned that Plaintiff's doctors believed that Plaintiff served for decades in the Special Forces, regularly engaging in combat activities that exerted forces on his body, and that this belief formed part of the basis of the underlying assumptions made by Plaintiff's doctors. Because the new evidence does not support that Plaintiff served for decades in the Special Forces, there is not a reasonable possibility that it would change the outcome of the administrative hearing and thus it is not material. Accordingly, the Court does not find remand to consider the new evidence warranted.

Although Plaintiff focuses on his sentence six argument, Plaintiff also appears to object to other findings and recommendations by the magistrate judge. Because Plaintiff is proceeding *pro se*, the Court liberally construes Plaintiff's filings as raising additional objections, and the

Court reviews the Findings and Recommendation *de novo*. The Court agrees with Judge Papak's reasoning and analyses.

## CONCLUSION

The Court finds that the new evidence submitted by Plaintiff is not material and does not support remand under sentence six of 42 U.S.C. § 405(g). The Court ADOPTS the Findings and Recommendation (ECF 29). The Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

DATED this 29th day of March, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge